UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 21-mc-21911-COOKE/O'SULLIVAN

Underlying Case: *Devin Thomas Harley v. North American Services LLC
and Marvin Morales*, Case No. 2:19-cv-00029-DCN (SC/Charleston Division)

NORTH AMERICAN TRANSPORTATION
SERVICES, LLC, AND MARVIN MORALES,

        Plaintiffs,

v.

RYDER TRUCK RENTAL, INC., RYDER TRUCK
RENTAL, LT,

        Defendants.

_____/

## ORDER

THIS MATTER came before the Court on North American Transportation

Services, LLC & Marvin Morales' Motion to Compel Non-Parties Ryder Truck Rental,

Inc. & Ryder Truck Rental, LT.[1] to Comply with Subpoena (DE# 1, 5/21/21) (hereinafter

"Motion to Compel").  On July 9, 2021, the defendants filed Ryder's Response in

Opposition to Motion to Compel (DE# 9, 7/9/21) (hereinafter "Response").  On July 16,

2021, the plaintiffs filed North American Transportation Services, LLC & Marvin Morales'

Reply in Support of Motion to Compel (DE# 10, 7/16/21) (hereinafter "Reply").  Having

reviewed the applicable filings and law, it is

ORDERED AND ADJUDGED that for the reasons stated herein, North American

Transportation Services, LLC & Marvin Morales' Reply in Support of Motion to Compel

(DE# 10, 7/16/21) is GRANTED.

---

[1] The defendants will be collectively referred to as "Ryder."

1

## **BACKGROUND**

North American Transportation Services, LLC (hereinafter "NATS") & Marvin Morales (hereinafter "Morales") are seeking a discrete set of Non-Party Ryder's insurance policies to determine whether they provide coverage to the plaintiffs in an ongoing lawsuit.  See Motion to Compel at 1 (DE# 1, 5/21/21).  NATS and Morales are defendants in Devin Thomas v. North American Transport Services, LLC and Marvin Morales, No. 2:19-cv-00029-DCN, pending before the United States District Court for the District of South Carolina (hereinafter "Underlying Litigation").  See id. at 2.  The dispute concerns a fatal car accident on November 11, 2016 that involves the commercial trailer leased to NATS from Ryder, and a commercial tractor leased to NATS from Bowman Sales & Equipment, both of which were driven by Morales on NATS' behalf.  See id.

According to a September 8, 2020 letter, NATS and Ryder signed a lease agreement which required NATS to furnish and maintain a $1 million automobile insurance policy that would insure both NATS and Ryder and act as the primary coverage rather than excess coverage to either party.  See Plaintiff's Exhibit B (DE# 1-2, 5/21/21).  The letter discloses that Ryder maintained a policy issued by Old Republic Insurance Company, along with other insurers.  See id.  Additionally, NATS agreed to defend and indemnify Ryder "for any damages arising out of the use of the tractor" that exceeds $1 million, and that Ryder's own policies "***would never apply*** to any claims arising out of its use of the tractor."  See Response at 14-15 (DE# 9, 7/9/21) (emphasis in original).

2

Ryder is not a party to the suit, and there are no claims or evidence of negligence against Ryder.  See Response at 2 (DE# 9, 7/9/21) (noting that the pursuant to South Carolina law, Ryder will never be a defendant in the Underlying Litigation because the statute of limitations has expired).  The Underlying Litigation has implicated multiple insurance policies, some of which were not directly issued to NATS or Ryder.  See Motion to Compel at 5 (DE# 1, 5/21/21).  While the plaintiff has been afforded some coverage, NATS claims that those policies are insufficient to resolve the Underlying Litigation.  See id.

NATS and Morales seek all insurance policies providing coverage to Ryder for "any loss, damage or claim arising from the use, maintenance, ownership or operation" of the tractor and 'for any loss, damage, or claim for any liability arising from any of its entitles' leasing operations or agreements with [NATS] in 2016 and 2017.'"  Motion to Compel at 6 (DE# 1, 5/21/21) (quoting Plaintiff's Exhibit C at 5 (DE# 1-3, 5/21/21)).  The plaintiffs believe that there may be coverage for this claim under Ryder's policies and are amenable to entry of a confidentiality order to obtain the discovery.  Reply at 7 (DE# 10, 7/16/21).

**STANDARD OF REVIEW**

The Federal Rules of Civil Procedure favor an expansive scope of discovery, and "[d]istrict courts are entitled to broad discretion in managing pretrial discovery matters." Republic of Ecuador v. Hinchee, 741 F.3d 1185, 1188 (11th Cir. 2013) (quoting Perez v. Miami–Dade Cnty., 297 F.3d 1255, 1263 (11th Cir.2002)).  The amended Rule 26(b)(1) states:

> Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case,

considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). "Information within the scope of discovery need not be admissible evidence to be discoverable." Id. While the plaintiffs rely on cases that preceded the 2015 amendments to the Rules in their Motion to Compel, the cited cases apply the correct standard. It has long been established that "the courts must employ a liberal standard in keeping with the purpose of the discovery rules," although the amendments temper the element of relevance by allowing discovery "through increased reliance on the common-sense concept of proportionality.'" Off. Depot, Inc. v. Elementum Ltd., No. 9:19-CV-81305, 2020 WL 5506445, at *3 (S.D. Fla. Sept. 14, 2020); In re: Takata Airbag Prod. Liab. Litig., No. 14-24009-CV, 2016 WL 1460143, at *2 (S.D. Fla. Mar. 1, 2016) (quoting Chief Justice John Roberts, 2015 Year–End Report on the Federal Judiciary 6 (2015)). "Proportionality requires counsel and the court to consider whether relevant information is discoverable in view of the needs of the case." Tiger v. Dynamic Sports Nutrition, LLC, No. 6:15-CV-1701-ORL-41TBS, 2016 WL 1408098, at *2 (M.D. Fla. Apr. 11, 2016). "Where the objection is based on proportionality factors other than undue burden, the party seeking discovery bears the burden of proving the request is proportional to the needs of the case." In re Zantac (Ranitidine) Prod. Liab. Litig., No. 20-MD-2924, 2020 WL 5585137, at *3 (S.D. Fla. Sept. 16, 2020), aff'd, No. 20-MD-2924, 2020 WL 6440461 (S.D. Fla. Nov. 3, 2020).

Under Rule 45, a party may subpoena a nonparty to obtain discovery for an ongoing litigation, and "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45. While Rule 45 does

not list relevancy as a factor when determining the permissible bounds of discovery, "it

is generally accepted that the scope . . . is limited by the relevancy requirement of the

federal discovery rules." Jordan v. Comm'r, Mississippi Dep't of Corrs., 947 F.3d 1322,

1329 (11th Cir.), cert. denied sub nom. Jordan v. Georgia Dep't of Corrs., 141 S. Ct.

251, 208 L. Ed. 2d 25 (2020).  Accordingly, a Rule 45 subpoena to a non-party has the

same scope of discovery allowed under Rules 26(b) and 34.  Motion to Compel at 9

(DE# 1, 5/21/21); see also Jordan, 947 F.3d at 1329; Kona Spring Water Distrib., Ltd. v.

World Triathlon Corp., No. 8:05-CV-119-T-23TBM, 2006 WL 905517, at *2 (M.D. Fla.

Apr. 7, 2006).

**ANALYSIS**

I.  **Ryder's Policies Are Relevant, Practically Significant, and Proportional to the Underlying Litigation**

The plaintiffs argue that all of Ryder's insurance policies from a discrete

timeframe should be disclosed.  Motion to Compel at 10 (DE# 1, 5/21/21).  The plaintiffs

have met their burden of showing that Ryder's policies are relevant to the claims against

them in the Underlying Litigation and have a reasonable basis to believe that coverage

may be afforded by those policies.  Insurance policies have a wide range of coverage

potential to those not listed on the first page of the policy or to individuals not named at

all.  NATS's defense, for instance, is currently being funded by an excess policy issued

to Bowman Sales & Equipment, the non-party tractor lessor.  Motion to Compel at 12

(DE# 1, 5/21/21).

The defendants' argument that Ryder's policies are "not in any way implicated by

the claims at issue" because Ryder does not face any liability in the Underlying

Litigation lacks merit.  Response at 11 (DE# 9, 7/9/21).  The plaintiffs never contended

that Ryder is or should be held liable.  Instead, the plaintiffs maintain that since Ryder owned the tractor involved in the accident, "Ryder's policies may afford coverage for the claim or to NATS and Morales through additional insured endorsements or other policy language."  Reply at 3 (DE# 10, 7/16/21).  As stated previously, discovery should be permitted "in view of the needs of the case," and the possibility of coverage may be essential to resolving the Underlying Litigation should the plaintiffs prevail.

Ryder had previously offered NATS a compromise of mutual disclosure of primary policies under a confidentiality order in which NATS would only pursue the matter further by instituting a declaratory judgment insurance coverage action.  See Plaintiff's Exhibit D (DE# 1-4, 5/21/21).  NATS rejected the offer, arguing that there may be coverage under an umbrella or excess policy even if there is none under the primary, such as was the case with Bowman's policy.  See Motion to Compel at 13 (DE# 1, 5/21/21).  NATS and Morales properly point out that this is not a declaratory judgment action for coverage.  See Reply at 2 (DE# 10, 7/16/21).  Without an opportunity to fully examine Ryder's insurance policies, the plaintiffs do not have a sufficient factual basis to make a claim on the merits for a declaratory judgment.  This is simply a discovery matter governed by Rules 45, 26(b), and 34, and disclosure of insurance information is common practice, regardless of whether Ryder lacks any liability.

The information sought in NATS' and Morales' Subpoena is not unduly burdensome to Ryder.  See Plaintiff's Exhibit C (DE# 1-3, 5/21/21).  The Subpoena limits discovery to a selection of insurance "policies that provide coverage to NATS or Morales" and are applicable during the timeframe of the accident for the single tractor. Reply at 6 (DE# 10, 7/16/21).  With such a limited request, the benefit of Ryder's

policies in the face of significant damages, should they be implicated by the underlying claims, outweigh the burden of producing such accessible documents.  NATS and Morales' willingness to entry of a confidentiality order further demonstrates their good faith effort to be thoughtful of Ryder's expectation of privacy in its insurance contracts.

Ryder's reliance on Davis v. Nationwide Insurance Co. of America is misplaced. Davis is factually distinguishable. Davis, No. 19-CV-80606, 2020 WL 7480819 (S.D. Fla. Dec. 18, 2020).   In Davis, the court denied discovery because a party sought a disproportionate volume of discovery that was irrelevant to the insurer at issue or whether the policies responded to the claims.  Id. Ryder has not met its burden to establish that a single set of insurance policies that apply to a single vehicle during a limited time frame is unduly burdensome.

## II.    The Graves Amendment Is Irrelevant to this Dispute

The defendants have improperly framed this discovery dispute as concerning their own liability in the Underlying Litigation.  In the Response, Ryder cites the Graves Amendment (49 U.S.C. § 30106), which "preempts all state statutory and common law to the extent those laws hold owners in the business of renting or leasing motor vehicles vicariously liable for the negligence of drivers . . . ".  29 A.L.R. Fed. 2d 223 (Originally published in 2008); Response at 16 (DE# 9, 7/9/21).  Ryder's exemption from liability is irrelevant to the discoverability of its insurance policies.  This dispute centers on NATS and Morales' potential liability in the Underlying Litigation, and Ryder's exemption does not have any bearing on the coverage extended in the insurance contract.  Ryder's argument that there is no benefit to the disclosure of Ryder's insurance information lacks merit.  The court cannot determine that the damages sought in the Underlying

Litigation do not implicate these policies without examining the coverage that they afford in the first place.

### III.   The Lease Agreement Operates Independently of Ryder's Insurance Contracts

The defendants argue that the lease agreement between Ryder and NATS, which required NATS to "furnish and maintain" a $1 million automobile liability insurance policy to cover both parties, along with other indemnity-related obligations, precludes disclosure of Ryder's policies.  See Plaintiff's Exhibit B (DE# 1-2, 5/21/21).  The defendant's argument, however, is unpersuasive.  NATS has not "demand[ed] that Ryder's insurance cover the claims against them," but simply has requested to examine the policy.  Response at 15 (DE# 9, 7/9/21).  Ryder's assertion that NATS and Morales' request will trigger breach of contract and contractual indemnity claims does not prevent the court from granting the plaintiffs' Motion to Compel and ordering Ryder to comply with the subject subpoena.  See id.

### IV.   Conclusion

Based on the foregoing reasons, the plaintiff's Motion to Compel Non-Parties Ryder Truck Rental, Inc. & Ryder Truck Rental, LT. to Comply with Subpoena (DE# 1, 5/21/21) is GRANTED.

DONE and ORDERED, in chambers, in Miami, Florida, this 2nd day of August, 2021.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE